# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, as subrogee of Ronnie and Lynda Brand,<br><br>*Plaintiff*,<br><br>v.<br><br>DAVID MIXON,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>) |

## COMPLAINT

NOW COMES Plaintiff, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, as subrogee of Ronnie and Lynda Brand, by and through its attorneys, and for its Complaint against Defendant, DAVID MIXON, states the following:

## PARTIES, JURISDICTION, AND VENUE

1.

At all times relevant, Allstate Vehicle and Property Insurance Company (hereinafter, "Allstate") was and is an Illinois company licensed to do business in the State of Georgia and maintained offices throughout the State of Georgia.

2.

At all times relevant, Ronnie and Lynda Brand (hereinafter, "the Brands") were the owners of certain real and personal property located at 298 Morning Glory Road,

Vienna, Georgia 31092 (hereinafter, "the Brand residence"). The Brand residence is

located in Dooly County, Georgia.

3.

Defendant David Mixon (hereinafter, "Mixon") is or was the owner of real

property located at 295 Morning Glory Road, Vienna, Georgia 31092. Upon information

and belief, Mixon is a resident of and domiciled in Georgia and may be served with

process at the 295 Morning Glory Road address.

4.

Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. §

1332(a)(2) as Plaintiff Allstate is an Illinois corporation with its principal place of

business in Northbrook, Illinois; Defendant Mixon is a resident of the State of Georgia;

and the amount in controversy exceeds $75,000.00, exclusive of interest, costs and fees.

5.

Venue is proper in this Court pursuant to 28 U.S.C. 1391(a)(2) in that a substantial

part of the events, acts or omissions giving rise to this claim occurred in the city of

Vienna, Dooly County, and the state of Georgia.

## SUBROGATION ALLEGATIONS

6.

On or about April 30, 2018, the Brand residence and the personal property

contained therein were completely destroyed by a fire.

7.

At all times relevant, the Brand residence was the subject of a policy of insurance written by Allstate, which, inter alia, provided coverage for fire damage caused to the real and personal property belonging to the Brands.

8.

Pursuant to its policy of insurance, the Brands submitted a claim to Allstate seeking indemnification and reimbursement for damages sustained as a result of the hostile fire.

9.

Allstate, in accordance with the Brands' insurance policy, has since paid to or on behalf of the Brands an amount in excess of $106,640.94.

10.

In consideration of these payments by Allstate, and by operation of law, Allstate became an actual, bona fide subrogee of Ronnie and Lynda Brand, and became subrogated to all of the rights, claims and interests that they may have had against any person or entity that may be liable for causing the subject incident and subsequent damages to the subject property.

**FACTUAL ALLEGATIONS**

11.

At all relevant times, the Mixon residence was located directly west of the Brand residence.

12.

Upon information and belief, on the evening of Sunday, April 29, 2018, Defendant

Mixon ignited a prescribed burn of brush and wood materials on his property.

13.

Upon information and belief, the prescribed burn ignited by Defendant Mixon was

not properly extinguished.

14.

On or about Monday, April 30, 2018, the prescribed burn, which was ignited by

Mixon on the Mixon property became a hostile fire (hereinafter, the "hostile fire") and

subsequently spread to the Brand residence, causing significant damage to the Brands'

real and personal property.

15.

Subsequent investigation revealed the hostile fire, which damaged the Brand

residence did not originate on the Brand property; the hostile fire originated on the Mixon

property.

## COUNT I
## NEGLIGENCE

16.

Plaintiff Allstate fully re-alleges and incorporates paragraphs 1 through 15, as

though fully set forth in this Count I.

17.

At all times relevant, Defendant Mixon had a duty to act with reasonable care and caution, by exercising due care and caution in a prescribed burn, for the safety of the real and personal property owned by the Brands.

18.

Notwithstanding said duty, and in breach thereof, on April 30, 2018, upon information and belief, Defendant Mixon, committed one or more of the following acts or omissions to act:

a.    Carelessly and negligently failed to properly maintain and extinguish the prescribed burn;

b.    Failed to maintain the prescribed burn as to properly prevent the prescribed burn from spreading to the Brand residence;

c.    Carelessly and negligently failed to implement reasonable safeguards or preventative measures in igniting, burning, and extinguishing the prescribed burn;

d.    Carelessly and negligently failed to properly monitor the prescribed burn;

e.    Carelessly and negligently vacated the Mixon residence while the prescribed burn was still ignited; and

f.    Was otherwise negligent in the igniting, burning, and extinguishing of the prescribed burn necessary to prevent the hostile fire from occurring and damaging the Brand residence and personal property contained therein.

5

19.

On April 30, 2018, as a direct and proximate result of the aforementioned negligent acts or omissions to act on the part of Defendant Mixon, the prescribed burn became a hostile fire, which spread to the Brand residence, causing the complete destruction of the Brands' real and personal property.

20.

As a direct and proximate result of Defendant Mixon's negligence, Allstate suffered damages, including the cost of replacement and repair of real and personal property, in an amount in excess of $106,640.94.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company, as subrogee of Ronnie and Lynda Brand, prays for judgment in its favor and against Defendant, David Mixon, in the amount of $106,640.94, plus the costs of this suit and any other or further relief as this Court deems equitable and just.

Respectfully submitted,

**CARSON LAW**

BY: __/s/ Charles R. Carson_____
        Charles R. Carson
        Ga. Bar No. 112851

2494 Jett Ferry Road, Suite 210
Atlanta, Georgia 30338
(T) (678) 205-1537
crcarson@ccarsonlaw.com

6